CONCHO, S. S. & L. V. RY. CO. v. KENNEDY.

(Court of Civil Appeals of Texas. Austin. March 27, 1912.)

1. COURTS (§ 163*) — REAL ESTATE — RAILROADS—LIENS FOR LABOR.

Under Rev. St. 1895, art. 3312, which gives a lien upon a railroad and its equipment for labor, etc., in the construction, operation, and repair of "any railroad, locomotive, car or other equipment of a railroad," there is a right to a lien either on the right of way or the equipment, and, where a plaintiff sought a lien only upon the equipment, a county court was not deprived of jurisdiction to hear the cause on the ground that the statutory lien is given on real estate.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410–411; Dec. Dig. § 163.*]

2. RAILROADS (§ 159*)—LIENS FOR LABOR— STATUTORY PROVISIONS—COMPLIANCE WITH STATUTE.

Under Rev. St. 1895, art. 3312, which gives a right to a lien on a "railroad and its equipment" for labor in railroad construction, operation, or repair, a judgment giving a lien on the rolling stock, movable equipments, "and other personal property," was unauthorized as to such "personal property."

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 480–504; Dec. Dig. § 159.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by D. O. Kennedy against W. A. Worth and the Concho, San Saba & Llano Valley Railway Company. From a judgment for plaintiff, the Concho, San Saba & Llano Valley Railway Company appeals. Reversed and rendered in part, and affirmed in part.

Appellee brought this suit against W. A. Worth, a contractor of the Concho, San Saba & Llano Valley Railway Company, to recover $299.67 for work done on said railroad, and made said railroad a party defendant for the purpose of enforcing the lien claimed by him on the property of said railroad company. The case was tried before the court without a jury, and the court found that appellee had done work in painting depots, section houses, and tool houses of said railway company, and that there was due him by W.

A. Worth for said work the sum of $299.67; that said Worth was a contractor for said railway company, and judgment was rendered for appellee for that amount, "and that plaintiff's statutory lien here adjudged to exist by operation of law on the defendant Concho, San Saba & Llano Valley Railway Company's rolling stock, movable equipments and other personal property, be enforced and foreclosed, and that an order of sale is hereby made to sell so much of the same as shall be sufficient to satisfy the judgment herein rendered, to wit, the sum of $299.67, together with plaintiff's costs."

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, for appellant.

JENKINS, J. (after stating the facts as above). [1] 1. Appellant contends that the county court of Tom Green county was without jurisdiction to hear and determine this cause, for the reason that the statutory lien is given upon real estate. It is true that the statute (Rev. St. 1895, arts. 3312–3315) gives a lien upon the railroad, and that the right of way of a railroad is real estate, but it also gives such lien upon the equipments of the railroad. If any doubt could be entertained that locomotives and cars are equipments of a railroad within the meaning of the statute, this doubt would be dispelled by an examination of article 3312 of the Revised Statutes, which uses the language: "Any railroad locomotive, car or other equipment of a railroad." The appellee did not seek a foreclosure upon the right of way or other real estate of the railway company, as is shown by his petition. Appellant cites in support of its contention Railway Co. v. Barnett, 55 S. W. 986. Nothing more was decided in that case as to the issue here involved than that the right of way of a railway company is real estate. Appellant also cites Railway Co. v. Allen, 1 White & W. Civ. Cas. Ct. App. § 572. The holding in that case is that the statute does not give a lien upon any of the personal property of a railroad, except its equipments.

[2] 2. We agree with the holding in Railway Co. v. Allen, supra, and for this reason we here reverse the judgment of the trial court in so far as it adjudges a lien against the personal property of appellant, other than its rolling stock and movable equipments, and in that respect judgment is here rendered for appellant. Said judgment for the sum of $299.67 against W. A. Worth, and, in so far as it forecloses appellee's statutory lien on the rolling stock and movable equipments of the Concho, San Saba & Llano Valley Railway Company, is here affirmed. The costs of this appeal will be adjudged against appellee.

Reversed and rendered in part, and in part affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes